IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SANDRA KAY RENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-037 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Sandra Kay Rentz appeals the decision of the Acting Commissioner of Social Security

denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security

Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by

both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS**

and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's

final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further

consideration in accordance with this opinion.

I.      **BACKGROUND**

Plaintiff applied for DIB and SSI on August 15, 2012, alleging a disability onset date of

February 1, 2012.  Tr. ("R."), pp. 20, 229.  Plaintiff was thirty-six years old on her alleged

_____

[1]The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting
Commissioner of the Social Security Administration.  Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the
Clerk of Court to substitute Nancy A. Berryhill as Defendant in this case.

disability onset date and was thirty-nine years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration.  R. 26, 229.  Plaintiff initially applied for benefits based on allegations of (1) colon and pelvis attached; (2) depression; (3) lower back pain; (4) left leg pain; and (5) high blood pressure.  R. 233.  Plaintiff completed eleventh grade, and prior to her alleged disability, Plaintiff had accrued a relevant work history that included sales clerk, stock clerk, and part sales person.  R. 25, 73, 234.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration.  R. 20, 136-43, 149-55.  Plaintiff requested a hearing before an ALJ, R. 157-58, and the ALJ held a hearing on August 8, 2014.  R. 31-80.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as Michael C. Dorsey, a Vocational Expert.  Id.  On October 2, 2014, the ALJ issued an unfavorable decision.  R. 20-26.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1.  The claimant has not engaged in substantial gainful activity since February 1, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2.  The claimant has the following severe impairments:  abdominal adhesions and abdominal adhesion surgical residuals exacerbated by obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4.  The claimant has the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).[2]  The claimant is capable of performing past relevant work as a

---

[2]"Medium work" is defined as:

sales clerk, stock clerk, and part sales person. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2012, through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

R. 22-25.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is

---

lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

"more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting <u>Bloodsworth</u>, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.    DISCUSSION

### A.    A Claimant's Burden at Step Two of the Sequential Process Is Mild, and Only the Most Trivial Impairments May Be Rejected.

Plaintiff argues the ALJ erred at step two of the sequential process by failing to consider her low back pain a "severe" impairment.  Pl.'s Br. 12.  Indeed, the ALJ did not merely characterize Plaintiff's low back pain as a non-severe impairment, but characterized it as a "non-medically determinable impairment" without giving any explanation for this finding.  R. 22.  Plaintiff argues treating physician Dr. Raghu Lolabhattu diagnosed her with degeneration of a

lumbar or lumbosacral intervertebral disc, lumbago, thoracic or lumbosacral neuritis or radiculitis unspecified, osteoarthritis, and neuralgia neuritis and radiculitis unspecified, and her low back pain prevents her from performing basic work activities.  Pl.'s Br. 13.  Even the Commissioner admits Dr. Lolabhattu's treatment notes "indicate that Plaintiff was diagnosed with low back pain."  Comm'r's Br. 12.  However, the Commissioner argues that diagnosis of a condition alone does not mean that such a condition interferes with Plaintiff's ability to perform basic work activities, and the ALJ properly analyzed evidence of her low back pain in his RFC analysis.  Id.

The Commissioner further argues it is unimportant whether an ALJ classifies a particular impairment as severe at step two, so long as he finds the totality of impairments to be sufficiently severe to proceed to the latter steps of the sequential process.  Comm'r's Br. 10-11.  Certainly, however, the step two determination as to the severity of particular impairments has ramifications for the analyses to be undertaken in the subsequent steps.  Nevertheless, the question remains whether the ALJ's omission of Plaintiff's low back pain from his step two determination of her severe impairments is supported by substantial evidence; if so, the ALJ's decision as to this issue must be affirmed.

A severe impairment is one that significantly limits one's ability to perform "basic work activities."  20 C.F.R. §§ 404.1521(a)[3] ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").  Basic work activities involve "the abilities and aptitudes necessary to do most jobs."  Id. § 404.1521(b).  Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling,

---

[3]Effective March 27, 2017, this code section was relocated to 20 C.F.R. § 404.1522, but the substance of the regulation did not change.

reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects her ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). At the second step of the sequential evaluation process:

If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (describing severity test "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (per curiam) (citing Brady, 724 F.2d 914). Under this test:

An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

6

Id.  As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031.  The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with [her] ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

### B.   The ALJ's Severity Determination as to Plaintiff's Low Back Pain Is Not Supported by Substantial Evidence.

Plaintiff's treating physician, Dr. Rhagu Lolabhattu, treated Plaintiff extensively for her low back pain as reflected in his treatment records.  R. 324-39, 378-403, 407-40, 506-46.  At various points, Dr. Lolabhattu diagnosed her with degeneration of a lumbar or lumbosacral intervertebral disc, lumbago, thoracic or lumbosacral neuritis or radiculitis unspecified, osteoarthritis, and neuralgia neuritis and radiculitis unspecified.  R. 330-32, 334, 338, 395, 401.  Dr. Lolabhattu also noted persistent, reoccurring pain and limited range of motion that were not fully alleviated even with narcotics.  R. 324-39, 378-403, 407-40, 506-46.  In addition to prescribing medication, Dr. Lolabhattu prescribed range of movement exercises to help alleviate Plaintiff's pain. Id.

The ALJ, without any explanation or comment, found Plaintiff's low back pain to be a non-medically determinable impairment.  R. 22.  The ALJ did not address Dr. Lolabhattu's diagnoses or his treatment notes in making this determination.  In fact, the ALJ's only mention of Dr. Lolabhattu's treatment of Plaintiff in the entire opinion are several brief references to Plaintiff's physical exams being "unremarkable." R. 24-25.  The ALJ's failure to discuss in any meaningful way Dr. Lolabhattu's findings regarding treatment of Plaintiff's low back pain at step

two is reversible error. See Smith v. Colvin, No. 1:15-23010-CIV, 2016 WL 5369305, at *5 (S.D. Fla. Sept. 26, 2016) (holding failure to address medical report and treating physicians' opinions regarding non-severe impairment was reversible error); Newton v. Astrue, No. CIV.A.1:06CV1542AJB, 2008 WL 915923, at *9 (N.D. Ga. Apr. 1, 2008) (holding failure to discuss non-severe impairment was reversible error); see also Wilson-Gantt v. Comm'r of Soc. Sec., No. 6:15-CV-257-ORL-GJK, 2016 WL 4702420, at *7 (M.D. Fla. Sept. 8, 2016) ("After erroneously determining that Claimant's mental impairments were non-severe at step-two, the ALJ's never mentions them again. Thus, it is apparent from the face of the ALJ's decision that the ALJ's error at step-two is not harmless.").

The Commissioner argues Dr. Lolabhattu's diagnosis alone, without a showing of how the impairment affects a claimant's ability to do basic work activities, is not enough to establish the impairment is severe. Comm'r's Br. 12. Here, however, Dr. Lolabhattu's treatments notes indicating Plaintiff's treatment with narcotics and limited range of motion demonstrate the influence her low back pain has on her ability to do basic work activities. R. 324-39, 378-403, 407-40, 506-46. Thus, Plaintiff has met her "mild" burden at step two. McDaniel, 800 F.2d at 1031.

The Commissioner also argues at length why the ALJ might have found the medical evidence did not establish Plaintiff's low back pain as a severe impairment, noting, among other things, (1) the ALJ found during his RFC determination that Plaintiffs subjective pain testimony was not credible; and (2) consultative physician Dr. Vasudev Kulkarni opined that Plaintiff had no functional limitations based on her physical impairments. Comm'r's Br. 12. However, the Commissioner's attempt to reweigh the medical evidence by justifying the ALJ's decision to ignore Dr. Lolabhattu's diagnoses related to Plaintiff's low back pain impairment is improper.

8

Id.  Indeed, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).  Therefore, whatever the merits of the Commissioner's argument, the critical fact is that her argument was not made by the ALJ at step two, and the Court declines this invitation to conduct a *de novo* review of the evidence of Plaintiff's low back pain, as such determination is for the ALJ, not this Court, to make in the first instance.  See Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

In sum, because the ALJ's evaluation of Plaintiff's alleged low back pain impairments is not supported by substantial evidence, a remand is warranted.

Because the Court recommends remand based on alleged error that stopped the sequential process at step two, the Court need not address Plaintiff's other allegations of error that he claims were committed at subsequent steps in the evaluation process but were necessarily not contained in the ALJ's written decision.  Of course, should the District Judge accept this recommendation for remand, and should the sequential process proceed beyond step two on remand, all impairments evaluated, and any hypotheticals presented to a VE, must be in accordance with the applicable regulations and requirements of Eleventh Circuit case law.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance

with this opinion.

     SO REPORTED and RECOMMENDED this 5th day of July, 2017, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA